Jerome **MARKAY**, Petitioner–Appellant,

v.

Bill **LOCKYER**, et al., Respondents–Appellees.

No. 02–15931.

D.C. No. CV–99–01479–GEB/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

California state prisoner Jerome Markay appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus, challenging his conviction for two counts of battery on a nonprisoner. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Markay first contends that his trial counsel was ineffective for failing to prepare a defense, to interview witnesses, and to object to a witness' testimony. Because this contention is belied by the record, Markay fails to demonstrate counsel's performance was outside the wide range of reasonable assistance. *See Strickland v. Washington,* 466 U.S. 668, 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (deciding that a petitioner demonstrates his counsel was ineffective by establishing that his counsel's performance was deficient, and that the deficient performance prejudiced his defense).

To the extent Markay alleges that his Sixth Amendment right to self-representation was hindered by inadequate library access, this contention fails. Markay fails to demonstrate that any alleged denial of adequate library access by the trial court prejudiced his right to self-representation, since he had his own investigator, access to the law library, permission to interview

---

1. We grant Murillo–Contreras' motion to file a late reply brief but we find the arguments lacking in merit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Markay's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**752**

witnesses, and was subsequently appointed counsel to represent him. *Cf. Milton v. Morris,* 767 F.2d 1443, 1446 (9th Cir.1985) (recognizing that "an incarcerated defendant may not meaningfully exercise his right to represent himself without access to law books, witnesses, or other tools to prepare a defense.").

Therefore, the district court properly denied federal habeas relief on Markay's claims. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable"), *reh'g denied,* —— U.S. ——, 123 S.Ct. 957, 154 L.Ed.2d 855 (2003).[1]

**AFFIRMED.**[2]

---

1. Markay's remaining claims were not encompassed within the certificate of appealability, and we decline to address them. *See* § 2253(c)(3); *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

2. The clerk shall file the appellee's corrected supplemental excerpts of record received on September 20, 2002.

